HUG, Respondent, vs. THEILACKER, Appellant.

*February 10—March 8, 1927.*

*Real-estate brokers: Commission: Sale made after expiration of listing contract: When broker may recover.*

1. The right of a real-estate broker to compensation for services in making a sale of defendant's house after the expiration of his listing contract must rest on an implied contract shown by circumstances from which a hiring can be implied.  p. 332.
2. To give rise to such an implied contract it must appear that the broker was rendering service in behalf of the property owner with his knowledge and consent; and in the absence of an express or implied contract prior to the transaction the broker cannot recover.  pp. 332, 333.
3. A finding of the jury, which was supported by the evidence, that defendant did not know of plaintiff's efforts to procure a purchaser after the expiration of the listing contract, together with the absence of circumstances from which a contract might be implied, are *held* to support a judgment for defendant. p. 333.

APPEAL from a judgment of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge. *Reversed.*

Action to recover broker's commission for the sale of real estate. On the 14th day of January, 1921, the defendant, by written contract, listed his dwelling house with the plaintiff, a real-estate broker, for sale. The contract, by its express terms, was to remain in force until the 14th day of March, 1921. Shortly after this listing the plaintiff displayed a picture of the dwelling in his office window and made other efforts to secure a purchaser for the property, but was unsuccessful in making a sale during the life of the written contract of listing. Thereafter the picture of the dwelling remained in the window of plaintiff's real-estate office. On a Saturday evening during the latter part of November, 1921, the attention of one Fred Koch, who was passing the real-estate office of plaintiff, was attracted to the picture of the dwelling displayed in the window. At the time the office was not open, but later in the evening he sent his son to the office to ascertain the location of the dwelling and the name of the owner. The son procured this information from plaintiff's office. On Sunday Koch and his son went to look at the house, but no one was at home. Monday forenoon Koch's wife and daughter called at plaintiff's office, made inquiries concerning the house, and said they would like to look at it. The clerk in plaintiff's office called up the Theilacker home and advised that certain parties were coming to look at the house. The wife and daughter examined the house Monday forenoon and Mr. Koch examined it Monday evening. A sale of the house to Mr. Koch was consummated soon thereafter.

Plaintiff claimed a commission and brought this action to recover the same. The case was tried in the civil court of Milwaukee county. A special verdict of the jury was returned by which it was found (1) that the plaintiff, after March 14, 1921, rendered services to the defendant in the

sale of the property in question; and (2) that the defendant did not knowingly accept and retain the benefits of such services. Upon this verdict the civil court rendered judgment in favor of the defendant. Upon appeal to the circuit court the judgment of the civil court was reversed and judgment rendered in favor of the plaintiff. From that judgment this appeal was taken.

For the appellant there was a brief by *Nelson & Steinbacher* of Milwaukee, and oral argument by *Arthur J. Nelson.*

For the respondent there was a brief by *George E. Ballhorn,* attorney, and *George H. Katz,* of counsel, both of Milwaukee, and oral argument by *Mr. Ballhorn.*

OWEN, J. The contract of listing expired March 14, 1921. It is not contended that plaintiff is entitled to compensation under the terms of that contract. His claim for compensation, therefore, rests in implied contract. In order to create an implied contract facts and circumstances must be shown from which a hiring can be implied. *Segnitz v. A. Grossenbach Co.* 158 Wis. 511, 149 N. W. 159; note in 27 L. R. A. N. s. 786. In order to give rise to such an implication it must appear that the plaintiff was rendering service in behalf of the defendant with his knowledge and consent. The plaintiff testified that from time to time subsequent to March 14th and prior to the time of sale he did take prospective customers to view the premises. The defendant testified that if plaintiff did take prospective customers to view the premises it was entirely without his knowledge, and that he had no knowledge whatever that plaintiff, after the expiration of the listing contract, was continuing his efforts to sell the house. Upon this state of the evidence the jury found that the defendant did not knowingly accept and retain the benefits of plaintiff's services. This is tantamount to a finding that the defendant had no knowledge that plaint-

iff was continuing his efforts to make sale .of the premises after the expiration of the listing contract.   Unless the defendant had knowledge of such efforts on the part of the plaintiff, no facts exist from which a contract of hiring can be implied.   In order for the plaintiff to recover a commission upon the sale of the premises to Koch he must establish a contract of hiring prior to that transaction.   In the absence of such a contract, either express or implied, prior to the transaction, the services rendered by him in connection therewith were those of a volunteer and do not entitle him to compensation.   *Dilweg v. Milwaukee Machine Tool Co.* 174 Wis. 200, 182 N. W. 726.

As the verdict of the jury was supported by the evidence it must be regarded as a verity.   If so, the defendant had no knowledge of plaintiff's efforts to procure a purchaser for the premises, and no facts or circumstances exist upon which a contract of employment may be implied.   It follows that the judgment of the civil court was correct and should be affirmed.

*By the Court.*—Judgment reversed, and cause remanded with instructions to enter judgment affirming the judgment of the civil court.